```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF MICHIGAN
                  SOUTHERN DIVISION
```

**SARAH GENTRY DOYLE,**

       **Plaintiff,**          **CIVIL ACTION NO. 10-14047**

  **v.**

                           **DISTRICT JUDGE MARIANNE O. BATTANI**

                           **MAGISTRATE JUDGE MONA K. MAJZOUB**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

       **Defendant.**
  _____/


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there was substantial evidence on the record that claimant remained capable of performing a restricted range of light work prior to June 30, 2008, when her insured status expired.

                            \*    \*    \*

      Plaintiff filed an application for Social Security disability insurance benefits on April 13, 2007, alleging that she had been disabled and unable to work since October 9, 2006, at age 21, due to emotional difficulties and morbid obesity. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on November 12, 2009, before Administrative Law Judge (ALJ) Jacqueline Hall-Keith. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work

prior to June 30, 2008, when her insured status expired. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 24 years old at the time of the administrative hearing (TR 64). She had been graduated from high school, and had been employed as an office manager during the relevant past (TR 61, 64). As an office worker, she alternated between sitting and standing during the workday. She frequently had to handle, grip and manipulate small objects. She had to lift up to 20 pounds on a regular basis (TR 64-65, 140). Claimant stopped working in October 2006, after being falsely accused of theft by her employer (TR 62). She was eventually cleared of all criminal charges (TR 62-63). Plaintiff stated she was unable to find another job that paid enough money to make commuting to work economically feasible (TR 63). Claimant testified that she has gained over 200 pounds since 2006, and now weighs in excess of 400 pounds[1] (TR 84). As a result of being overweight, Plaintiff had difficulty sitting, standing and walking for extended periods. She allegedly was unable to do any bending or squatting (TR 67). Other impairments which allegedly prevented her from returning to work

---

[1] At the time of the hearing, Plaintiff was five feet four inches tall and weighed 430 pounds (TR 84).

included anxiety and mental depression (TR 68-69). Plaintiff spent her entire day at home watching television or playing with her computer (TR 67, 79).

A Vocational Expert, Paula Pegram, classified Plaintiff's past work as light, semi-skilled activity (TR 91). The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[2] (TR 94-95). If she were capable of light work, there were numerous semi-skilled receptionist, typist, payroll and accounts payable clerking jobs that Plaintiff could perform with minimal vocational adjustment (TR 93).

---

[2]The witness explained that Plaintiff's alleged need to lie down every day would preclude all work activity (TR 95).

**LAW JUDGE'S DETERMINATION**

The Law Judge found that Plaintiff was impaired as a result of anxiety, post-traumatic stress disorder, major depression and morbid obesity, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant had moderate limitations in concentration, persistence and pace, but found that she still retained the residual functional capacity to perform a reduced range of light work[3] prior to June 30, 2008, when her insured status expired.

Plaintiff only challenges the ALJ's treatment of her obesity. She argues that the case should be remanded for further administrative action because the ALJ allegedly did not follow Social Security Ruling (SSR) 02-1p, which provides guidance in the evaluation of disability claims involving obesity. Defendant countered that the claimant retained the residual functional capacity for a reduced range of light work prior to June 2008, because the objective clinical evidence of record did not confirm

---

[3]Light work activity is defined as the ability to lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job in this category sometimes requires a good deal of walking or standing, or involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, a person must have the ability to do substantially all of these activities. If someone can do light work, the Secretary will also find that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404. 1567(b)(2011).

the disabling nature of any of her alleged impairments. Defendant maintained that the ALJ explicitly took into account claimant's obesity when evaluating her functional ability to return to work.

## APPLICABLE LAW AND STANDARD OF REVIEW

The claimant has the burden of proving that she is disabled within the meaning of the Social Security Act. <u>Tyra v. Secretary of Health and Human Services</u>, 896 F.2d 1024, 1028 (6th Cir. 1990). Proof of an impairment alone is insufficient, and plaintiff must establish that the impairment precludes any substantial gainful activity. <u>Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 366-67 (6th Cir. 1984). To ensure the proper evaluation of disability claims, the Commissioner promulgated a five step sequential evaluation process, briefly summarized as follows:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, benefits are denied without further analysis.
>
> Step Three: If the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled without further analysis.
>
> Step Four: If the claimant is able to perform his or her previous work, benefits are denied without further analysis.
>
> Step Five: If the claimant is able to perform other work in the national economy, in view of

> his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§404.1520; 20 C.F.R. 416.920. <u>Garcia v. Secretary of HHS</u>, 46 F.3d 552, 554 n.2 (6th Cir. 1995). <u>See</u> <u>Preslar v. Secretary of HHS</u>, 14 F.3d 1107, 1110 (6th Cir. 1994). Throughout the evaluation process, the burden of proof remains on the claimant to show that she is not working, that she has a severe impairment or combination of impairments, and that the impairment prevents her from performing past relevant work. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146-47 (1987). "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [Commissioner]." <u>Preslar</u>, 14 F.3d at 1110. "Step five requires the [Commissioner] to show that the claimant is able to do other work available in the national economy." <u>Id</u>.

If the Commissioner dispositively finds that the claimant is disabled or not disabled at any point in the five step process, she does not proceed further. The Commissioner's findings, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971). In evaluating the evidence, special deference is due the Commissioner's credibility determinations. <u>Hardaway v. Secretary of Health and Human Services</u>, 823 F.2d 922, 928 (6th Cir. 1987); <u>Beavers v. Secretary of Health, Education and Welfare</u>, 577 F.2d 383, 387 (6th Cir. 1978) (citations omitted). The decision of the Commissioner must be

upheld if supported by substantial evidence, even if the record might support a contrary decision. Smith v. Secretary of Health and Human Services, 893 F.2d 106, 108 (6th Cir. 1989).

**DISCUSSION AND ANALYSIS**

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work prior to June 30, 2008, when her insured status expired. The medical evidence, as a whole, failed to provide objective support for the claimant's allegations of severe and disabling functional limitations stemming from her obesity.

Even though the ALJ found that morbid obesity was one of Plaintiff's severe impairments (TR 12), the claimant argues that the ALJ did not follow Social Security Ruling (SSR) 02-1p, which provides guidance in the evaluation of disability claims involving obesity. As noted by Plaintiff, the SSR recognizes that obesity affects the cardiovascular and respiratory systems, and directs that an assessment be made regarding the effect of obesity on claimant's ability to perform routine movement.

A review of the Law Judge's decision and findings disclosed that she did analyze the effects of obesity on the claimant's heart, lungs and joints (TR 20). Devoting two full paragraphs to explicitly considering and evaluating claimant's obesity, the ALJ recognized that her excessive weight may have increased the severity of her other impairments. Nevertheless, the

7

ALJ concluded that claimant's "obesity is not of such severity as to preclude [her] from performing a full range of light exertional work" (TR 20).

Contrary to Plaintiff's assertion that she was unable to walk effectively, no physician reported any significant problems with ambulation. Claimant failed to present any evidence from October 2006, her alleged onset date, through June 2008, when her insured status expired, concerning her alleged mobility limitations. Plaintiff, in fact, acknowledged in 2007 that she could walk for 15 to 20 minutes without stopping (TR 167). Moreover, problems associated with obesity did not cause her to quit her job in 2006 as a office manager. Plaintiff left the job because she disliked how her employer had treated her (TR 213). Not long after she quit, Plaintiff admittedly declined a job offer for economic, rather than medical, reasons (TR 63). While claimant weighed in excess of 400 pounds at the time of the administrative hearing in November 2009, that was more than 16 months after her insured status expired. There was medical evidence on both sides and, having examined it, the undersigned cannot say that the Commissioner's conclusion was not supportable. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from her obesity were not fully credible.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny

benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. <u>Beavers v. Secretary</u>, 577 F.2d 383 (6th Cir. 1978). See also <u>Williamson v. Secretary</u>, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she has the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met his burden by establishing through Vocational Expert testimony that such jobs exist accommodating claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments, the Vocational Expert testified that there were numerous semi-skilled clerical and receptionist jobs that Plaintiff could perform with minimal vocational adjustment (TR 93). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that

Plaintiff retained the residual functional capacity for a restricted range of light work.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted, and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 1, 2011            s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: August 1, 2011            s/ Lisa C. Bartlett
                                 Case Manager

11